IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Angela Gaye Shivers, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 6:12-3381-SB |
| v. ) | |
| ) | |
| Carolyn W. Colvin, Commissioner ) | **ORDER** |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This is an action brought pursuant to sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. § 405(g) and 1383(c)(3)), to obtain judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied the Plaintiff's claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits. The record includes the Report and Recommendation ("R&R") of United States Magistrate Judge Kevin F. McDonald, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), D.S.C. In the R&R, which was filed on January 7, 2014, the Magistrate Judge recommends that the Court reverse the Commissioner's final decision and remand the matter to the Commissioner for further proceedings. Pursuant to 28 U.S.C. § 636(b)(1), the Defendant filed timely objections to the R&R, and the matter is ripe for review.

## BACKGROUND

### I. Factual and Procedural History

The Plaintiff filed her application for DIB and SSI on December 3, 2009, alleging that she became unable to work on November 1, 2005. The Commissioner denied her

claims initially and upon reconsideration. On March 18, 2011, the Plaintiff filed a timely request for a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on September 16, 2011, at which the Plaintiff and a vocational expert ("VE") testified. Prior to the hearing, the Plaintiff amended her alleged onset date to April 20, 2009. On October 13, 2011, the ALJ issued a decision denying benefits, and on September 25, 2012, the Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's determination the final decision of the Commissioner.

The Plaintiff was born on July 2, 1964, and she was forty-five when she filed her application for benefits and forty-seven on the date of the ALJ's decision. The Plaintiff completed high school and attended vocational school for several years. She has past relevant work experience as an administrative assistant, a sales associate, and a bookkeeper.

## STANDARDS OF REVIEW

### I.   The Magistrate Judge's R&R

The Court conducts a de novo review to those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations contained in the report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the R&R to which the objection is made and the basis for the objection. Id.

### II.   Judicial Review of a Final Decision

The role of the federal judiciary in the administrative scheme as established by the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he

findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celecbreeze, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

I.  **The Commissioner's Final Decision**

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to result in death or which has lasted or can expected to last



3

for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).  This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment.  20 C.F.R. § 404.1520(b).  If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment.  20 C.F.R. § 404.1520(c)  If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations.  20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I.  If so, the claimant is disabled.  If not, the next inquiry considers if the impairment prevents the claimant from returning to past work.  20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a)  If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

Mastro, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step.  Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1993).  The burden of production and proof remains with the claimant through the fourth step.  However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience.  Walls, 296 F.3d at 290.

Here, the ALJ determined that the Plaintiff had not engaged in substantial gainful activity since April 20, 2009.  At the second step, the ALJ found that the claimant has the following severe impairments: back disorder, chronic obstructive pulmonary disease ("COPD"), obstructive sleep apnea, hypertension, bipolar disorder, and anxiety.  Third,



the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Next, the ALJ determined that the Plaintiff is unable to perform any past relevant work. Finally, the ALJ concluded that, based upon the Plaintiff's age, education, work experience, and residual functional capacity, jobs exist in significant numbers in the national economy that she can perform. Therefore, the ALJ found that the Plaintiff was not disabled.

## II.  This Court's Review

In this action, the Plaintiff contends that the ALJ erred (1) by conducting a fragmented analysis of the Plaintiff's multiple impairments, (2) by improperly rejecting the opinion of the Plaintiff's treating psychiatrist, and (3) by failing to carry the Commissioner's burden at step five of the sequential evaluation process. In response, the Commissioner asserts that substantial evidence supports the ALJ's determination that the Plaintiff was not disabled.

In the R&R, the Magistrate Judge rejected the Plaintiff's first two arguments and found that the ALJ properly analyzed the Plaintiff's multiple impairments and properly considered the opinions of the Plaintiff's treating physicians. Next, however, the Magistrate Judge agreed with the Plaintiff that the ALJ erred at step five of the sequential evaluation process by failing to identify and resolve an apparent conflict between the Plaintiff's residual functional capacity ("RFC") and the general educational development ("GED")[1] levels of the three jobs identified by the VE. Accordingly, the

---

[1] According to Appendix C of the Dictionary of Occupational Titles, GED "embraces those aspects of education (formal and informal) which are required of the worker for

Magistrate Judge recommended that the Court remand the case for further consideration of the issue.

The Defendant filed objections to the R&R, asserting that substantial evidence supports the Commissioner's final decision. Stated briefly, the Defendant argues that GED levels are not job requirements and that no "apparent conflict" exists between the Plaintiff's RFC and the jobs identified by the VE.

Here, in analyzing the Plaintiff's RFC, the ALJ limited the Plaintiff to simple, routine, and repetitive tasks. When asked to identify the whether any jobs exist that someone with the Plaintiff's RFC could perform, the VE identified three jobs: surveillance system monitor, weight inspector, and type copier. The jobs of surveillance system monitor and weight inspector each require a GED reasoning level of three[2] and



---

satisfactory job performance." US. Dept. of Labor, DOT, App. C § III, 1991 WL 688702 (4th ed. rev. 1991).

[2] A GED reasoning level of three requires a worker to: "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form," and "[d]eal with problems involving several concrete variables in or from standardized situations. Id.

6

a language development level of three,[3] while the type copier job requires a reasoning level of two[4] and a language development level of one.[5]

As previously mentioned, the Commissioner argues that GED levels are not job requirements, and that they merely provide general guidance and are advisory, citing Anderson v. Colvin, 514 F. App'x 756, 76364 (10th Cir. 2013). The Commissioner also argues that even if there is a conflict between the Plaintiff's RFC and the one job identified by the VE that required only level two reasoning and level one language development (type copier), such a conflict would not be "apparent" within the meaning

---

[3] A GED language development level of three requires:

Reading: Read a variety of novels, magazines, atlases, and encyclopedias. Read safety rules, instructions in the use and maintenance of shop tools and equipment, and methods and procedures in mechanical drawing and layout work.
Writing: Write reports and essays with proper format, punctuation, spelling and grammar, using all parts of speech.
Speaking: Speak before an audience with poise, voice control, and confidence, using correct English and well-modulated voice.

Id.

[4] A GED reasoning level of two requires a worker to: "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions," and "[d]eal with problems involving a few concrete variables in or from standardized situations." Id.

[5] A GED language development of one requires:



Reading: Recognize meaning of 2,500 (two- or three-syllable) words. Read at rate of 95-120 words per minute. Compare similarities and differences between words and between series of numbers.
Writing: Print simple sentences containing subject, verb, and object, and series of numbers, names, and addresses.
Speaking: Speak simple sentences, using normal word order, and present and past tenses.

Id.

7

of Social Security Ruling 00-4p. In support, the Commissioner points out that the Fourth Circuit Court of Appeals has not addressed the correlation between GED levels and a limitation to simple, routine, repetitive tasks, and that the circuits that have addressed the issue have split, including district courts in the Fourth Circuit. See Weaver v. Colvin, No. 1:10cv582, 2013 WL 3989561 (M.D.N.C. Aug. 2, 2013) (collecting cases). Importantly, however, as the Magistrate Judge noted, the District of South Carolina has repeatedly found that a conflict exists between a GED reasoning level of two or three and a limitation to simple, routine, and repetitive tasks. See Graham-Willis v. Colvin, No. 1:12-cv-2489-JMC, 2013 WL 6840465, at *6-7 (D.S.C. Dec. 27, 2013) (finding an apparent conflict between the plaintiff's ability to perform simple, routine, and repetitive tasks and GED reasoning level of three); Massey v. Colvin, C.A. No. 3:12-3483-TMC, 2013 WL 6780575, at *8-9 (D.S.C. Dec 19, 2013) (finding the same); Reid v. Astrue, No. 6:10-2118-MBS-KFM, 2012 WL 667164, at *12-13 (D.S.C. Feb. 8, 2012) (finding the same); Martin v. Astrue, No. 6:11-1572-TMC-KFM, 2012 WL 4479280, at *15-16 (finding an unexplained potential conflict between GED reasoning levels of two and three and the limitation of the plaintiff to no more than unskilled tasks; short, simple instructions; minimal changes in routine; and limited interaction with the public, supervisors, and co-workers), adopted by 2012 WL 4482943 (D.S.C. July 27, 2012); see also Patterson v. Astrue, No. 8:07-1602-HFF-BHH, 2008 WL 2944616, at *5 (D.S.C. July 31, 2008) (noting vocational expert never expressly discussed whether plaintiff's inability to perform more than one- to two- step instructions was compatible with the position requiring at least a reasoning level of two); Tadlock v. Astrue, No. 8:06-3610-RBH-BHH, 2008 WL 628591, at *10 (D.S.C. March 4, 2008)

(remanding so the vocational expert could give testimony as to whether the plaintiff could perform the recommended jobs, which had a reasoning level of two, while the plaintiff was limited to simple and routine work).

In view of the aforementioned cases, the Court fully agrees with the Magistrate Judge that an apparent conflict exists between the jobs identified by the VE and the Plaintiff's ability to perform those jobs. Moreover, because the ALJ never discussed with the VE whether the Plaintiff's limitation to simple, routine, and repetitive tasks was compatible with the identified jobs, the Court also agrees with the Magistrate Judge that it would be pure speculation for the Court to find that the VE considered the issue and resolved it. Accordingly, the Court finds that remand is necessary to allow the ALJ to obtain additional testimony as to the apparent conflict.

## CONCLUSION

After review, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Therefore, the Court adopts and incorporates the R&R (Entry 23) and overrules the Defendant's objections (Entry 24). Based on the foregoing, it is ordered that the Commissioner's final decision is reversed under sentence four of 42 U.S.C. § 405(g) and remanded to the for further proceedings consistent with this order.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

March 27, 2014
Charleston, South Carolina

9